UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIP EMIABATA, et al.,<br><br>                Plaintiffs,<br><br>   v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY NA/JP MORGAN CHASE (SLS), et al.,<br><br>                Defendants. | CASE NO. C17-1302JLR<br><br>ORDER DISMISSING FOR LACK OF SUBJECT MATTER JURISDICTION |

## I. INTRODUCTION

Before the court is Plaintiffs Philip Emiabata and Sylvia Emiabata's complaint. (*See* Compl. (Dkt. # 5); *see also* Compl. Addendum (Dkt. # 5-1).) On September 14, 2017, Magistrate Judge James P. Donohue granted Plaintiffs' motion for leave to proceed *in forma pauperis* ("IFP"). (Order (Dkt. # 4).) However, in granting Plaintiffs' IFP motion, Judge Donohue recommended that this court review Plaintiffs' complaint under

ORDER - 1

28 U.S.C. § 1915(e)(2)(B). (*Id.* at 1.) The court has conducted the recommended review and DISMISSES Plaintiffs' complaint for lack of subject matter jurisdiction. In addition, because the court concludes that any amendment would be futile, the court declines to grant Plaintiffs leave to amend their complaint.

## II. BACKGROUND

Although many of the specific allegations contained in Plaintiffs' complaint are unclear, Plaintiffs ask the court to stop an allegedly wrongful foreclosure against their property located in Pflugerville, Texas. (*See generally* Compl.) Plaintiffs have named three defendants: (1) The Bank of New York Mellon Trust Co. NA/ JP Morgan Chase (SLS) ("the Bank"), (2) BSI Financial Services ("BSI"), and (3) Avail I, LLC ("Avail"). (*Id.* at 2; Compl. Addendum at 1-2.) Plaintiffs seek an injunction against the foreclosure of their property, an award of $800,000.00 in damages against the Bank and BSI, and an award of $200,000.00 in damages against Avail. (*See* Compl. Addendum at 5.)

Plaintiffs allege that the court has subject matter jurisdiction based on diversity of citizenship. (Compl. at 3.) Plaintiffs allege that they are citizens of Texas. (*Id.*) Plaintiffs allege that BSI has principal places of business in Pennsylvania and Washington. (*Id.* at 4.) Plaintiffs also allege that the Bank has its principal place of business in Washington. (Compl. Addendum at 2.) Plaintiffs do not allege the state of incorporation of either BSI or the Bank. (*See generally id.*; Compl.) Finally, Plaintiffs allege that Avail is incorporated in Arizona and has a physical address in Texas. (Compl. at 2). Plaintiffs do not allege Avail's principal place of business. (*See generally id.*; Compl. Addendum.)

## III. ANALYSIS

The court is required to screen complaints brought by litigants who have been granted leave to proceed IFP. *See* 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(A), (B). A complaint is frivolous for 28 U.S.C. § 1915(e)(2) purposes if a plaintiff fails to allege subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on 28 U.S.C. § 1915 review where subject matter jurisdiction is lacking). Because the court granted Plaintiffs leave to proceed IFP (*see* Order), the court screens the complaint pursuant to 28 U.S.C. § 1915(e)(2) and considers as a threshold matter whether it has subject matter jurisdiction.[1]

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332(a); *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961). For the purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at

---

[1] *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

the time the lawsuit is filed, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citation omitted), and a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1).

Although Plaintiffs allege that they are citizens of Texas, they fail to establish that no Defendant is a citizen of that state. Plaintiffs fail to allege the state of incorporation of either BSI or the Bank and Avail's principal place of business. Thus, the court cannot determine if there is complete diversity of citizenship between all the parties. Indeed, Plaintiffs provide an address in Texas for Avail (Compl. at 2), which may indicate that Texas is its principal place of business. If so, complete diversity of jurisdiction would not exist between Plaintiffs and all Defendants, and the court would not have subject matter jurisdiction over their complaint.

Ordinarily, the court would permit Plaintiffs an opportunity to amend their complaint to demonstrate the court's subject matter jurisdiction. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Here, however, granting Plaintiffs leave to amend would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (ruling that denial of leave to amend is not an abuse of discretion where further amendment would be futile). This action is one for wrongful foreclosure. (*See generally* Compl.; Compl. Addendum.) The property in question is in Texas. (Compl. at 1, 4.) The local action doctrine "vests exclusive jurisdiction over specified types of actions involving real property in the forum where that property is located." *Eldee-K Rental*

*Props., LLC. V. DIRECTV, Inc.*, 748 F.3d 943, 946 (9th Cir. 2014); *see also United States v. Byrne*, 291 F.3d 1056, 1060 (9th Cir. 2002) ("The federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries."). Thus, as discussed below, the court also lacks subject matter jurisdiction under the local action doctrine.

The court consults the law of the forum state to determine whether a particular action is local or transitory. *See Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149, 1154 (C.D. Cal. 2010) (citing *Huntington v. Attrill*, 146 U.S. 657, 669-70 (1892) (stating in dicta that the question of whether an action was local was to be determined by the law of the forum state)); *see also Josevig-Kennecott Copper Co. v. James F. Howarth Co.*, 261 F. 567, 569 (9th Cir. 1919) ("It is admitted that the question whether the action is local or transitory is to be determined by the law of the state."). Under Washington law, a plaintiff shall commence an action "[f]or the recovery of, for the possession of, . . . for the foreclosure of a mortgage on, . . . for the determination of all questions affecting the title, or for any injuries to real property" "in the county in which the subject of the action . . . is situated." RCW 4.12.010. Although the statute does not employ the terms "local" and "transitory," "the actions described in RCW 4.12.010, which must be brought in the county where the property is located, are 'local'." *Wash. State Bank v. Medalia Healthcare LLC*, 984 P.2d 1041, 1045 (Wash. Ct. App. 1999).

Because it relates to the title or possession of their property, Plaintiffs' action for wrongful foreclosure falls within the scope of a local action under RCW 4.12.010(1). As such, Plaintiffs' action must be brought in Texas in the county where the property is

located. *See, e.g.*, *Fowler v. Wells Fargo Bank, N.A.*, No. 10-3933-EDL, 2011 WL 175506, at *3-4 (N.D. Cal. Jan. 18, 2011) (applying local action doctrine to case alleging wrongful foreclosure of property located in Hawaii); *Prawoto*, 720 F. Supp. 2d at 1158 (applying local action doctrine to action seeking damages and rescission of a mortgage transaction involving property in Texas); *see also Byrne*, 291 F.3d at 1060 (stating, in quiet title and ejectment action, that "[t]he federal district courts' jurisdiction over actions concerning real property is generally coterminous with the states' political boundaries"); *Sherrill v. McShan*, 356 F.2d 607, 610 (9th Cir. 1966) (suggesting that a district court lacks jurisdiction to adjudicate quiet title actions involving property located in another state). As noted above, the Ninth Circuit has ruled that the local action doctrine is jurisdictional. *See Eldee-K Rental*, 748 F.3d at 946. Accordingly, the court lacks subject matter jurisdiction over Plaintiffs' complaint.

In sum, the court concludes that Plaintiffs fail to adequately allege diversity jurisdiction, and therefore the court must dismiss their complaint for lack of subject matter jurisdiction. In addition, the court concludes that even if Plaintiffs amended their complaint to properly allege diversity jurisdiction, the court would still lack subject matter jurisdiction based on the local action doctrine because the property at issue is located in Texas. Thus, the court also concludes that granting Plaintiffs leave to amend their complaint would be futile.

### IV. CONCLUSION

Based on the foregoing analysis, the court DISMISSES Plaintiffs' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure

12(h)(3) for lack of subject matter jurisdiction.[2] The court does not grant Plaintiffs leave to amend their complaint because doing so would be futile. Even if Plaintiffs could amend their complaint to properly allege diversity jurisdiction, the court would still lack subject matter jurisdiction under the local action doctrine because the property at issue is located in Texas.[3]

Dated this 3rd day of October, 2017.

JAMES L. ROBART
United States District Judge

---

[2] The court dismisses Plaintiffs' action without prejudice because a state or federal court in Texas may have subject matter jurisdiction over this matter.

[3] On September 25, 2017, Plaintiffs filed a motion that they entitled "Motion for Supplemental Pleading Due to Event That Happened After the Date of Pleading." (Mot. (Dkt. # 6).) The court liberally construes this motion as one to amend their complaint. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants."). Because the court declines to grant leave to amend for the reasons stated above, the court denies this motion as moot.