UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILIP EMIABATA, et al.,<br><br>Plaintiffs,<br>v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY NA/JP MORGAN CHASE (SLS), et al.,<br><br>Defendants. | CASE NO. C17-1302JLR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

Before the court is Plaintiffs Philip Emiabata and Sylvia Emiabata's (collectively, "Plaintiffs") motion for reconsideration of the court's order dismissing their complaint without prejudice and without leave to amend for lack of subject matter jurisdiction. (MFR (Dkt. # 9); *see also* Order (Dkt. # 7).) The court has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court denies the motion.

ORDER - 1

In its order, the court dismissed Plaintiffs' complaint for lack of subject matter jurisdiction. (Order at 3-7.) Plaintiffs invoked the court's diversity jurisdiction (*see* Compl. (Dkt. # 5) at 3), but the court found that Plaintiffs had failed to properly alleged complete diversity of citizenship between Plaintiffs and Defendants (Order at 4). The court did not permit Plaintiffs to amend their complaint because Plaintiffs' claim, which relates to property located in Texas, is also barred by the local action doctrine. (*Id.* at 4-6.) Accordingly, the court dismissed the action for lack of subject matter jurisdiction without prejudice and without leave to amend. (*See id.* at 6-7.) Plaintiffs ask the court to reconsider this ruling. (*See generally* MFR.)

Plaintiffs do not identify the legal basis for their motion for reconsideration. (*See generally id.*) Nevertheless, "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Given this obligation, the court liberally construes Plaintiffs' motion as one under Local Rule LCR 7(h). *See* Local Rules W.D. Wash. LCR 7(h)(1). Pursuant to the Local Rules of the Western District of Washington, motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence. *Id.*

In addition, under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment where (1) the court is presented with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there

is an intervening change in controlling law.  *See* Fed. R. Civ. P. 59(e); *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Finally, under Federal Rule of Civil Procedure 60(b), a court may relieve a party from an order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (construing a "motion for reconsideration" filed past the deadline as a Rule 60(b) motion).

Plaintiffs offer no new or additional legal or factual grounds or any other basis that would justify revisiting or reconsidering the court's prior order under any of the foregoing standards.  (*See* MFR.)  Finding no basis for reconsidering its prior order, the court DENIES Plaintiffs' motion (Dkt. # 9).

Dated this 24th day of October, 2017.

JAMES L. ROBART
United States District Judge